[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The question before us is whether appellant State Auto Insurance Companies ("State Auto") is entitled to contribution or indemnity from appellee Lumbermens Mutual Casualty Company ("Lumbermens Mutual"). The facts are undisputed. On September 20, 1998, Angela Boggs was injured when an automobile driven by Brian Blevins, an underinsured motorist, hit a guardrail and a utility pole. At the time of the accident, RDI Marketing Services, Inc., employed Boggs, and State Auto insured RDI Marketing Services, Inc., under a business automobile policy. Boggs was not acting in the course of her employment at the time of the accident. State Auto's policy contained an Ohio Uninsured Motorists endorsement for bodily injury.
 {¶ 3} Lumbermens Mutual insured Ethicon Endo Surgery, the employer of Boggs's mother, Lois Bush, under a business automobile policy. The policy was issued to Ethicon Endo Surgery's parent company, Johnson 
Johnson. This policy did not provide uninsured or underinsured motorists coverage. Johnson Johnson's risk manager executed a rejection form for uninsured/underinsured coverage on January 1, 1998.
 {¶ 4} After a settlement agreement was reached, the underinsured claims against State Auto were dismissed. State Auto cross-claimed against Lumbermens Mutual, claiming that State Auto's policy was secondary to Lumbermens Mutual's policy for purposes of underinsured/uninsured motorists coverage. State Auto claimed to be responsible for only its proportionate share of any damages that would be awarded to Boggs.
 {¶ 5} The trial court determined the contribution/indemnity issue between the two insurance companies on a stipulation of facts and their trial briefs. It concluded that State Auto was not entitled to contribution or indemnity on its cross-claim against Lumbermens Mutual. And it determined that Johnson Johnson's rejection of uninsured/underinsured motorists coverage under the Lumbermens Mutual policy was valid since it had occurred after H.B. No. 261 and there was no showing of fraud or wrongful acts. It then determined that Lumbermens Mutual's policy did not include as insureds either Boggs or Bush and that the vehicle involved was not a covered auto under the policy.
 {¶ 6} State Auto raises two assignments of error. In its first assignment, it contends that the trial court erred by determining that Johnson Johnson's rejection of uninsured/underinsured coverage was valid. In its second assignment, State Auto argues that the trial court erred by determining that Boggs was not entitled to underinsured motorists coverage under Lumbermens Mutual's policy.
 {¶ 7} Lumbermens Mutual concedes that State Auto's first assignment has merit under Kemper v. Michigan Millers Mutual Ins. Co.[1]
In Kemper, the Ohio Supreme Court determined that the requirements ofLinko v. Indemnity Ins. Co.,[2] relative to an offer of uninsured/underinsured motorists coverage, apply to an insurance policy written after the enactment of H.B. No. 261and before S.B. No. 2001. It also determined that a signed rejection without other evidence of an offer of coverage fails to act as an effective rejection of uninsured/underinsured motorists coverage under H.B. No. 261. Because those requirements were not met in this case, the rejection form signed by Johnson Johnson's risk manager was ineffective. We sustain State Auto's first assignment, although, in view of what follows, the error was not prejudicial.
 {¶ 8} Our inquiry is not complete. We must next address whether the trial court erred in determining that Boggs was not entitled to underinsured motorists coverage by operation of law. Lumbermens Mutual's policy defined an insured, in part, as "You for any covered auto." A family member of an employee was not a part of the definition of an insured. Thus, while coverage may have been extended to Bush under the policy, we conclude that Boggs was not entitled to coverage because the policy did not provide protection for family members of an employee.[3]
Accordingly, we overrule State Auto's second assignment.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] Kemper v. Michigan Millers Mutual Ins. Co., 98 Ohio St.3d 162,2002-Ohio-7101, 781 N.E.2d 196.
[2] Linko v. Indemnity Ins. Co., 90 Ohio St.3d 445, 2000-Ohio-92,739 N.E.2d 338.
[3] See Morrison v. Emerson, 5th Dist. No. 2002-CA-00414, 2003-Ohio-2708; Blankenship v. Travelers Ins. Co., 4th Dist. No. 02CA693, 2003-Ohio-2592, ¶ 44; Hamilton v. CNA Ins., 2nd Dist. No. 1591, 2003-Ohio-1761; Edmondson v. Premier Industrial Corp., 8th Dist. No. 81132, 2002-Ohio-5573; Walton v. Continental Cas. Co., 5th Dist. No. 02CA002, 2002-Ohio-3831.